# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52789

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>MATTHEW KENNETH KNAPP,<br><br>    Defendant-Appellant. | Filed:  July 31, 2026<br><br>Melanie Gagnepain, Clerk<br><br>AMENDED OPINION<br>THE COURT'S PRIOR OPINION<br>DATED JULY 20, 2026, IS<br>HEREBY WITHDRAWN<br><br>THIS IS AN UNPUBLISHED<br>OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Deborah A. Bail, District Judge.

Judgment of conviction and unified sentence of thirty years, with a minimum period of confinement of fifteen years, for aggravated battery and use of a firearm or deadly weapon during the commission of a crime, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; LORELLO, Judge;
and FLEMING, Judge

_____

PER CURIAM

    Matthew Kenneth Knapp was found guilty of aggravated battery, I.C. §§ 18-903(a) and 18-907(1)(b), and use of a firearm or deadly weapon during the commission of a crime, I.C. § 19-2520.  The district court sentenced Knapp to a unified term of thirty years, with a minimum period

1

of confinement of fifteen years.  Knapp appeals, arguing that the district court should have retained jurisdiction or placed him on probation and that his sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

The primary purpose of a district court retaining jurisdiction is to enable the court to obtain additional information regarding whether the defendant has sufficient rehabilitative potential and is suitable for probation.  *State v. Jones*, 141 Idaho 673, 677, 115 P.3d 764, 768 (Ct. App. 2005).  Probation is the ultimate goal of retained jurisdiction.  *Id.*  There can be no abuse of discretion in declining to retain jurisdiction if the district court has sufficient evidence before it to conclude that the defendant is not a suitable candidate for probation.  *Id.*  The goal of probation is to foster the probationer's rehabilitation while protecting public safety.  *State v. Cheatham*, 159 Idaho 856, 858, 367 P.3d 251, 253 (Ct. App. 2016).  A decision to deny probation will not be deemed an abuse of discretion if it is consistent with the criteria articulated in I.C. § 19-2521.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Knapp's judgment of conviction and sentence are affirmed.